## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-60519-CIV-ROSENBAUM/HUNT

MIKE PETINSKY,

      Plaintiff,

v.

ANWAR HUSSAIN and SHEIKH SHAQIF,

      Defendants.

_____/

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment [D.E. 13].  The Court has reviewed Plaintiff's Motion and the record in this case.  The Court notes that Defendants have failed to answer or otherwise respond to the Complaint and that the Clerk entered a default against them on April 11, 2013.  D.E. 12.  The Court further notes that Defendants were served with an order to show cause why Plaintiff's default-judgment motion should not be granted, to which Defendants have also failed to respond.  D.E. 14; D.E. 15; D.E. 16.

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).  Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Following the entry of a default, damages may be awarded if all essential evidence is a matter of record.  *SEC*

-1-

*v. Smyth*, 420 F.3d 1225,1232 n.13 (11th Cir. 2005).

Title III of the Americans with Disabilities Act of 1990 ("ADA") mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  A public accommodation includes, among other things, a "shopping center, or other sales or rental establishment." *Id.* § 12181(7)(E).  The ADA's definition of discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

To state a claim under Title III, a plaintiff must show 1) that he is disabled, 2) that the defendant owns, leases, or operates a place of public accommodation, and 3) that the plaintiff was discriminated against because of his disability.  *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 1357, 1363 (S.D. Fla. 2001).  If Section 12182(b)(2)(A)(iv) is violated, a plaintiff may obtain injunctive relief that "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [Title III]." *Id.* § 12188(a)(2).

Based on the well-pled allegations in this matter, taken as true due to Defendants' default, Plaintiff has stated a claim under the ADA.  Mr. Petinsky qualifies as an individual with disabilities as defined by the ADA, as he must ambulate by wheelchair and has limited use of his hands.  *See* D.E. 1, ¶ 1.  Defendants own, operate, or lease the Kwik Stop convenience store located at 5635 Hollywood Boulevard, Hollywood, Florida 33021, which qualifies as a place of public

accommodation. *See id.* ¶ 7. Plaintiff has visited the property at issue and plans to return to the property to avail himself of the goods and services offered to the public at the property and to determine whether the property has been made compliant with the ADA. *See id.* ¶ 5. The Plaintiff has encountered architectural barriers at the subject property. *See id.* ¶¶ 5, 10. The barriers to access at the property have endangered his safety. *See id.* ¶ 5. Accordingly, the Court finds Plaintiff has established his claim that Defendants are in violation of the ADA and, accordingly, finds Plaintiff entitled to the injunctive relief he seeks.

Therefore, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Judgment After Default [D.E. 13] is **GRANTED**. Final Judgment is entered in favor of Plaintiff Mike Petinsky and against Defendants Anwar Hussain and Sheikh Shaqif in the form of the permanent injunctive relief set forth below. Defendants are ordered to bring their place of public accommodation, the Kwik Stop convenience store located at 5635 Hollywood Boulevard, Hollywood, Florida 33021 (the "facility"), into compliance with the ADA by removing the following architectural barriers as described below:

a. The facility shall provide all accessible parking spaces and access aisles on a level surface in accordance with ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") Section 4.6.3;

b. The facility shall provide all ramps with proper slope in accordance with ADAAG 4.8.2;

c. The facility shall provide signage on the accessible parking space that contains the proper verbiage in accordance with ADAAG Section 4.6.4;

d. The facility shall provide an accessible route to the restroom in accordance with ADAAG Section 4.3.1;

e. The facility shall provide accessible signage at the restroom door in accordance with ADAAG Section 4.30.1;

f. The facility shall provide sufficient maneuvering/transfer clearance in the restroom in accordance with ADAAG Section 4.13.16;

g. The facility shall provide required grab bars in all restrooms in accordance with ADAAG Sections 4.17.6 and 4.16.4;

h. The facility shall provide the proper hardware for disabled persons in accordance with ADAAG Section 4.13.9.

2. The Defendants shall comply with the terms of this Order on or before December 1, 2014.

3. The Court retains jurisdiction to enter a separate order on Plaintiff's Verified Application for Attorneys' Fees and Costs included with Plaintiff's Motion for Entry of Judgment After Default.

4. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 28th day of May 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record