UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60519-CIV-ROSENBAUM/HUNT

MIKE PETINSKY,

    Plaintiff,

vs.

ANWAR HUSSAIN and SHEIKH SHAQIF

    Defendants.

_____

REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court on Plaintiff's Verified Application for Attorneys' Fees and Costs filed on April 24, 2013 (DE 13). On May 29, 2013, these matters were referred to the undersigned Magistrate Judge by the Honorable Robin S. Rosenbaum pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. Having thoroughly reviewed the record, and after careful consideration, including a line by line review of the billing statements provided by Plaintiff, the undersigned recommends that Plaintiff's Verified Motion for Attorneys' Fees and Costs be GRANTED IN PART.

**I.    PROCEDURAL HISTORY**

Plaintiff, Mike Petinsky, filed this action against Defendants, Anwar Hussain and Sheikh Shakif, on March 9, 2013, pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*. ("ADA") (DE 1). Defendants failed to file a response or

answer to the complaint. On April 9, 2013, Plaintiff filed a Motion for Entry of Clerk's Default Against Defendants (DE 11), and on April 11, 2013, the clerk entered a default against Defendants. (DE 12). On April 24, 2013, Plaintiff filed a Motion for Entry of Judgment After Default, Verified Application for Attorneys' Fees and Costs, and Memorandum of Law in Support. (DE 13). Defendants failed to show cause why default judgment should not be entered. See (DE 15, 16). On May 29, 2013, this Court entered the default judgment against Defendants, ordering injunctive relief and reserving jurisdiction to award attorney's fees and costs. See (DE 18).

## II. LEGAL ANALYSIS

### A. Entitlement to Attorney's Fees

Plaintiff seeks recovery of attorney's fees and costs incurred in connection with ADA claims pursuant to 42 U.S.C. § 12205, which states, in relevant part, the following:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

The purpose behind the prevailing party attorney's fee provision is to encourage competent attorneys to work on cases that might otherwise be avoided. See Jones v. Central Soya Co., Inc., 748 F.2d 586, 592-93 (11th Cir. 1984). Indeed, were it not for the efforts of those attorneys willing to undertake representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). To be entitled to recovery of attorney's fees under 42 U.S.C. § 12205, a plaintiff must be a prevailing party. Buckhannon Bd. & Care

2

*Home v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 601 (2001). A plaintiff attains "prevailing party" status for purposes of an attorney's fee award subsequent to: (1) a grant of relief by the court; or (2) an alteration in the legal relationship of the parties. See *American Disability Ass'n. v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (citing *Buckhannon*, 532 U.S. at 603-604). Plaintiff obtained a default judgment and was awarded injunctive relief against Defendants, therefore Plaintiff qualifies as a "prevailing party." Accordingly, Plaintiff is entitled to recover reasonable attorney's fees.

## B. *Calculation of Attorney's Fees – The Lodestar Method*

Plaintiff seeks compensation for his attorneys in the amount of $6090.00 for Ms. Albo (18 hours at $420 per hour) (DE 13-3), and $1487.50 for Mr. Bacon (3.5 hours at $425 per hour) (DE 13-1). This Circuit has adopted the lodestar method to determine a reasonable attorney's fee. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1988).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. See *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Accord *Gaines v. Dougherty County Board of Education*, 775 F. 2d 1565, 1571 (11th Cir. 1985). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338

(11th Cir. 1987). Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances. *Norman,* 836 F.2d at 1299. The decision regarding the appropriate hourly rate may be made by analyzing the affidavits submitted by counsel, or, if this documentation is insufficient, by relying on the court's expertise. *Avirgan v. Hull*, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (citing *Norman*, 836 F. 2d at 1304).

Plaintiff provides a lengthy memorandum of law in support of its motion. This Court, however, finds the memorandum's copious references to various other jurisdictions unhelpful with respect to a determination of reasonable fees in the Southern District of Florida.[1] The applicable standard for determining a reasonable hourly rate is the <u>prevailing market rate in the relevant legal community</u> for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See e.g., Blum,* 465 U.S. at 895; *Gaines,* 775 F. 2d at 1571 (emphasis added). A fee applicant seeking to recover the non-local rates of an attorney who is not from the place in which the case was filed "must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). It can hardly be disputed that the pool of South Florida's legal community is both deep and well-represented by attorneys of every skill set and level, thus much information contained within Plaintiff's memorandum provides scant assistance to the Court.

---

[1] Plaintiff cites no fewer than eight Southern District of New York cases in support of the reasonableness of his attorney's fees request.

4

Mr. Bacon has been engaged in the practice of law for twenty-three years, and has succesfully handled several hundred Title III ADA cases. (DE 13-1). However, as Mr. Bacon candidly confesses, the highest hourly rate awarded to him by the United States District Court for the Southern District of Florida is $350. (DE 13 at 5) (citing *Access for the Disabled, et al. v. Baers Furniture Co., Inc.*, No. 07-cv-60953 (S.D. Fla. Mar. 16, 2011) (Marra, J., adopting Report and Recommendation of Johnson, Mag. J.)). A similar case decided by this Court concluded $325 to be a reasonable figure for Mr. Bacon. See *Access for the Disabled, et al v. Hialeah Fee Commons, Ltd.,* No. 08-21890, 2011 WL 3419607 at *4 (S.D. Fla. Aug. 4, 2011) (Garber, Mag. J.)

Mr. Bacon attaches numerous exhibits for the Court's consideration in support of his motion for attorney's fees. Included are affidavits purporting to reflect the prevailing reasonable rates in the Western District of Texas as well as the Middle District of Florida. In *Harty*, Mr. Bacon requested an attorney's fee award of $350 per hour, however, the Middle District of Florida concluded that a reasonable hourly rate for Mr. Bacon was $300 per hour. See (DE 13-6); *Harty v. Mal-motels, Inc.*, No. 6:10-cv-01333 (M.D. Fla. Sept. 7, 2010). Additionally, this district has recently held that "hourly rates in excess of $300 in an ADA case are not warranted" irrespective of the attorney's experience. *Martinez v. Public Storage*, No. 1:09–21488, 2010 WL 2219712 at *5 (S.D. Fla. Apr. 27, 2010) (Huck, J. Adopting Report and Recommendation of O'Sullivan, Mag. J.) (reducing the requested hourly rates of a 31-year partner and 18-year attorney to $300).

For the aforementioned reasons, the undersigned finds that $300 per hour more

accurately reflects a reasonable rate for Mr. Bacon in this default action, consistent with that of attorneys having the same or similar background in this community.

Ms. Albo has practiced law for nineteen years, and possesses extensive litigation experience on a variety of employment law issues. (DE 13-3). In light of the scarcity of Plaintiff's evidence of the prevailing rate in this district, this Court has substituted its own experience, evidence, and research in order to arrive at a reasonable rate for Ms. Albo that is in line with recent orders. For the foregoing reasons, and due to Ms. Albo's comparable expertise with ADA cases and nineteen years of practice, the Court believes $300 per hour to be a reasonable rate for her services as well.[2]

These modified rates are more consistent with this district's decisions. Accordingly, the undersigned concludes a rate of $300 more accurately reflects the reasonable hourly rate for both Mr. Bacon and Ms. Albo for this default judgment action.

Finally, the Court evaluates whether adjustment to the lodestar calculation is warranted. *Blum*, 465 U.S. at 897-901 (explaining the lodestar as presumptively correct absent a showing of rare or exceptional circumstances). In the present case, the complaint was filed on March 5, 2013, and default judgment ordered on May 29, 2013. The defendant did not file an answer, and Plaintiff was not required to litigate. Accordingly, the Court does not find this case demanded a high expenditure of time or labor. The questions presented were neither novel nor complex. Additionally, large

---

[2] This Court acknowledges that a recent order awarded Ms. Albo $420 per hour after a similar default judgment. See *Joe Houston v. Arshak Corp.*, No. 13-cv-60752 (S.D. Fla. Apr. 2, 2013) (Scola, J.). While the undersigned is mindful of this order, Ms. Albo in that case did not provide the court with other cases from this district which would assist it in assessing the rate in this community for ADA default judgment cases.

portions of the complaint and motion for default judgment have been used by counsel verbatim in other previous and subsequent similar actions. Plaintiff's counsel have provided no evidence of preclusion from accepting other employment, and equally lacking is evidence of the present case being particularly undesirable. Indeed, Plaintiff's entire recitation bears no specific evidentiary relation to the facts of the case at bar. Similarly, the undersigned's evaluation reveals an unremarkable case, devoid of any rare or exceptional circumstance warranting adjustment of the lodestar. See id.

2.  Hours Reasonably Expended

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. Id. at 1301. Further, the fee applicant is obliged to use billing judgment, assessing and removing such hours as would be unreasonable to bill to a client irrespective of the skill, reputation, or experience of counsel. Id.; ACLU, 168 F.3d at 428.

In the case at bar, Plaintiff seeks to recover 3.5 hours for Mr. Bacon's services and 14.5 hours for Ms. Albo's. In support of these figures, Plaintiff has attached invoices setting forth the precise date, time, and task for which hours have been billed. The Court has carefully scrutinized these invoices, cross-referencing, when possible, each docket entry and the accompanying filing. Further, in order to accurately gauge whether the time spent and billed on particular tasks was reasonable, the Court compared the filings in the instant case with previous similar filings from Mr. Bacon and Ms. Albo.

Mr. Bacon appears to have had minor involvement in this case, and his invoice

reflects activity spanning only four days. On April 16, 2013, Mr. Bacon billed 1.4 hours for research and review of recent cases involving attorney fees, hourly rates, and judgments; and .9 hours to review and edit the motion for default final judgment. The activities for which Mr. Bacon billed 2.3 hours of his time on April 16, 2013 (DE 13-1 at 3), very closely resemble those that consumed 3.7 hours of Ms. Albo's time on the previous day, April 15, 2013 (DE 13-3 at 6). The undersigned finds six hours unwarranted and excessive for these tasks in light of these two experienced attorneys' familiarity with ADA actions. Further, on February 26, 2013, 2.4 hours were billed to draft the complaint. The Court located a number of complaints and motions for default judgment filed by Ms. Albo and Mr. Bacon that are substantially similar to those filed in the instant case.[3]

Based on the relatively uncomplicated nature of this action, its resolution via default judgment, the minimal time and labor required, and the Court's wide discretion in performing the calculations for attorney's fees, the undersigned has concluded that the number of hours billed by Plaintiff's counsel are unreasonably high. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.

---

[3] Complaints: *see, e.g., Petinsky v. Falkowski,* No. 13-cv-60508 (S.D. Fla. Mar. 5, 2013); *Petinsky v. JSA Brothers, Inc.,* No. 13-cv-60515 (S.D. Fla. Mar. 5, 2013); *Houston v. Arshak,* No. 13-cv-60752 (S.D. Fla. Apr. 4, 2013); *Houston v. Demetra Inc.,* No. 13-cv-20859 (S.D. Fla. Mar. 11, 2013). Motions: *see, e.g., Access 4 All, Inc. v. TA/Western, LLC.,* No. 0:09-cv-61864 (S.D. Fla. Nov. 20, 2009); *Houston v. Arshak Corp.,* No. 0:13-cv-60752 (S.D. Fla. Apr. 4, 2013)

2008).

Correspondingly, the undersigned has conducted a thorough line-by-line analysis of counsels' invoices. Mr. Bacon's submitted invoice (DE 13-1) bills 3.5 hours. However, when the Court added counsel's figures, the itemized amounts total 3.7 hours. Beginning with this figure, the Court finds the first three days of Mr. Bacon's activity reasonable. However, on April 16, 2013, Mr. Bacon bills 1.4 hours to "research and review recent cases regarding attorney's fees, hourly rates, and judgments," and .9 hours to "review and edit motion for default judgment."[4] These activities appear redundant when compared with those conducted by Ms. Albo on April 15, 2013. Further, as noted, the motion for default final judgment appears substantially similar to a number of nearly-identical motions filed in other ADA cases by these two attorneys. The Court thus finds these amounts both redundant and excessive, and reduces the 1.4 hours billed for research and review to .7 hours, and the .9 hours billed for editing the motion to .6. Accordingly, the undersigned determines the number of hours reasonably spent by Mr. Bacon on the present case should be reduced from 3.7 to 2.7.

With regard to the hours billed by Ms. Albo, counsel has submitted an itemized invoice totaling 14.5 hours (DE 13-3). After careful scrutiny, the undersigned recommends the following modifications:

On February 21, 2013, counsel billed .5 hours to review the expert's report. This is redundant, as Mr. Bacon billed for the identical activity on February 18, 2013.

---

[4]As counsel combined the motion for final default judgment with their attorney's fee motion and memorandum of law, the Court has adjusted hours billed in the creation of the combined motion irrespective of the descriptive title used by counsel in their billing invoices.

9

Accordingly, this entry is stricken. Counsel also billed .6 hours for review of the county property appraiser's web site. In the Court's experience, this amount is excessive, and as such is reduced to .3 hours.

On February 26, 2013, Ms. Albo's invoice reflects 2.4 hours billed to draft the complaint. As noted in footnote 3, *supra*, the complaint is largely comprised of boilerplate form language which has been reused in other complaints. The Court therefore reduces this number from 2.4 to 1.2. Counsel also billed .4 hours to communicate with the client requesting authorization to proceed with the suit. The undersigned accepts this amount as reasonable, however, on March 5, 2013, .1 hours to "review" authorization to proceed is stricken. Also stricken are the March 5, 2013 amounts of .3 hours to "prepare the complaint and summons for service," .1 hours to "review the judge assignment," and .1 hours for each review of the process server's status report on March 11, 2013 and March 14, 2013. These tasks comprise the ordinary administrative process of preparing a claim, and separate billing entries reflecting their performance is unwarranted.

Finally, the April 15, 2013 entries indicating 1 hour spent conducting "legal research on motion for default final judgment" and 2.7 hours to "prepare motion for final default judgment with all exhibits," are excessive for the reason explained in footnote 3, *supra*. As the authorities cited in the motions and the exhibits submitted therewith are virtually identical, the number of hours billed by counsel is unjustified. Therefore, the 1 hour billed for conducting research is reduced to .5, and the 2.7 hours is reduced to 1 hour. This line by line analysis results in a reduction of Ms. Albo's hours from 14.5 to an

adjusted reasonable total of 9.6.[5]

In addition, Plaintiff has requested costs in the amount of $419: $350 for the filing fee to the clerk of the court, $55 for service of process, and $14 for postage. The U.S. Supreme Court has held "in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). The undersigned finds both the filing fee and the fee for service of process to be compensable costs. 28 U.S.C. § 1920(1). The Southern District of Florida has specifically addressed the issue of postage:

> The costs properly recoverable under 28 U.S.C. § 1920 are as follows:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in

---

[5] A detailed breakdown of the calculations performed in reaching Ms. Albos' reasonable total hours is as follows:

| | | |
|---|---|---|
| i. | Total hours billed on invoice (DE 13-3) = | 14.5 |
| ii. | Reduction - review of expert's report | -0.5 |
| iii. | Reduction - review appraiser website | -0.3 |
| iv. | Reduction - draft complaint | -1.2 |
| v. | Reduction - review authorization to proceed | -0.1 |
| vi. | Reduction - prepare complaint/summons | -0.3 |
| vii. | Reduction - review judge assignment | -0.1 |
| viii. | Reduction - review status reports (x 2) | -0.2 |
| ix. | Reduction - legal research - final judgment motion | -0.5 |
| x. | Reduction - prep. final judgment motion/exhibits | -1.7 |
| xi. | **Total adjusted reasonable hours** | **9.6** |

> the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses and costs of special interpretation services under section 1828 of this title.

*James*, 242 F.R.D. at 648-649 (denying, *inter alia*, plaintiff's request for postage costs). *See also Williams v. R.W. Cannon, Inc.*, 657 F. Supp 2d 1302 (S.D. Fla. 2009) (denying, *inter alia*, postage as not enumerated under 28 U.S.C. § 1920); *Ass'n for Disabled Americans., Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272 (M.D. Fla. 2005) (denying postage as part of attorney overhead).

Therefore, while Plaintiff is entitled to recover $405 in costs related to the clerk of court's filing fee and service of process, postage in the amount of $14 is disallowed.

## C.  *CONCLUSION*

Accordingly, the Court finds Plaintiff is entitled to an award of reasonable attorney's fees incurred incident to the case at bar. However, for the reasons explained herein, the Court recommends a reduction in the hours billed by Plaintiff's counsel. Mr. Bacon's requested hours have been reduced from 3.7 to 2.7. When multiplied by the reasonable hourly rate determined herein of $300, Mr. Bacon's attorney's fee award totals $810. Ms. Albo's requested hours have been reduced from 14.5 to 9.6. When multiplied by the reasonable hourly rate determined herein of $300, Ms. Albo's attorney's

fee award totals $2880. The Court also finds Plaintiff is entitled to recovery of costs pursuant to 28 U.S.C. § 1920 in the amount of $405; Plaintiff's postage in the amount of $14 is not recoverable. In accordance with the foregoing, it is hereby

**RECOMMENDED** that Plaintiff's Verified Application for Attorneys' Fees and Costs (DE 13) be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) an attorney's fee award of **$2880** for the services of Ms. Albo;

(2) an attorney's fee award of **$810** for the services of Mr. Bacon; and

(3) costs in the amount of **$405**; postage in the amount of $14 is denied.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Robin S. Rosenbaum, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 9th day of June 2013.

_____
PATRICK M. HUNT
United States Magistrate Judge

Copies to:
Honorable Robin S. Rosenbaum
United States District Judge

All Counsel of Record